UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEFF LUKASAK<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>PREMIER SPORTS EVENTS LLC<br>LEGACY GLOBAL SPORTS LP &<br>STEPHEN GRIFFIN<br><br>　　　　　　　　　Defendants. | No. 2:20-CV-00124-NT |

**PLAINTIFF'S RENEWED MOTION FOR LEAVE TO FILE**
**SECOND AMENDED COMPLAINT**

Plaintiff, Jeff Lukasak, by and through his attorneys, BODMAN PLC, moves this Court for an order granting leave to file a renewed Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a). In support of its motion, Plaintiff states the following:

1.　This case involves a business dispute between Plaintiff, Jeff Lukasak ("Plaintiff" or "Lukasak"), and Defendants Premier Sports Events LLC ("PSE"), Legacy Global Sports LP, ("Legacy") and Stephen Griffin ("Griffin" and collectively "Defendants").

2.　On July 7, 2020, due to a Chapter 7 bankruptcy, this Court issued an Order to stay the claims brought against PSE and Legacy pursuant to 11 U.S.C. § 362(a). However, this Court allowed the case to proceed against Griffin individually on Counts V and VI. (See **ECF No. 36**.)

3.　On September 15, 2020, this Court administratively stayed the action against Griffin individually until February 1, 2021. (See **ECF No. 42**).

4.　However, at approximately the same time of this Court's Order staying these proceedings with respect to Griffin, the U.S. Equal Employment Opportunity Commission

("EEOC") concluded its investigation of the facts at issue in this case and issued Plaintiff a "Right to Sue" Notice (the "Notice"). (**Ex. 1**, Dismissal and Notice of Rights).

5. As stated in the Notice, "[Plaintiff's] lawsuit must be filed within 90 days of [Plaintiff's] receipt of this notice; or [Plaintiff's] right to sue based on this charge will be lost." *Id*.

6. On December 1, 2020, all parties participated in a phone conference with this Court concerning the time sensitivity of amending Plaintiff's Complaint pursuant to the Notice, along with the implications of this Court's stay as to the claims brought against PSE and Legacy.

7. Accordingly, along with this Motion, Plaintiff has also moved to withdraw his pending Motion for Leave to File a Second Amended Complaint (ECF 46).

8. While Plaintiff further acknowledges that this matter is administratively stayed as to Griffin, Plaintiff nevertheless respectfully moves this Court for leave to file a Second Amended Complaint to add a claim for Title VII gender discrimination against Griffin *only* to preserve his rights under Title VII.

9. Due to the stay against Griffin, Plaintiff is willing to extend the deadline to respond to Plaintiff's Second Amended Complaint until a date and time after the stay is lifted on February 1, 2021.

10. Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

11. In this case, there is no undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies with amendments, undue prejudice to defendants, or futility of this amendment that would prevent the Court from granting leave to amend. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Bodman_17319448_2

WHEREFORE, Plaintiff, Jeff Lukasak, respectfully requests that this Honorable Court GRANT this motion and provide Plaintiff with leave to file a Second Amended Complaint. (**Ex. 2**, Proposed Second Amended Complaint).

        Respectfully submitted,

Dated: December 2, 2020        /s/ Stacy O. Stitham
        Stacy O. Stitham
        BRANN & ISAACSON
        184 Main Street, 4th Floor
        Lewiston, ME 04243-3070
        (207) 786-3566
        sstitham@brannlaw.com
        *Attorney for Jeff Lukasak*

Dated: December 2, 2020        /s/ John David Gardiner
        John David Gardiner
        Bodman PLC
        99 Monroe Center NW, Suite 300
        Grand Rapids, Michigan 49503
        (616) 205-1864
        jgardiner@bodmanlaw.com
        *Attorney for Jeff Lukasak*
        *Admitted Pro Hac Vice*

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JEFF LUKASAK

                Plaintiff,

v.

PREMIER SPORTS EVENTS LLC
LEGACY GLOBAL SPORTS LP &
STEPHEN GRIFFIN

                Defendants.

No. 2:20-CV-00124-NT

**BRIEF IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**I. INTRODUCTION**

This cause of action arises out of a business dispute between Plaintiff, Jeff Lukasak ("Plaintiff" or "Lukasak"), and Defendants Premier Sports Events LLC ("PSE"), Legacy Global Sports LP, ("Legacy") and Stephen Griffin ("Griffin" and collectively "Defendants"). On September 9, 2020, the Equal Employment Opportunity Commission ("EEOC") concluded its investigation and issued Plaintiff a "Right to Sue" Notice (the "Notice"). (**Ex. 1**, Dismissal and Notice of Rights). As stated in the Notice, "[Plaintiff's] lawsuit must be filed within 90 days of [Plaintiff's] receipt of this notice; or [Plaintiff's] right to sue based on this charge will be lost." *Id*. Accordingly, Plaintiff respectfully moves this Court for leave to file a Second Amended Complaint ("SAC") to add an additional claim for Title VII gender discrimination against Griffin ***only***. (**Ex. 2**, Proposed Second Amended Complaint). Plaintiff is not acting in bad faith or in an effort to prolong this litigation. Further, Griffin will not be unduly prejudiced by the addition of Plaintiff's Title VII claim given the infancy of this matter and Plaintiff's willingness to agree to an extension of any response to the Second Amended Complaint until after the administrative stay is lifted. For

4

these reasons, Plaintiff's request for leave to file a SAC should be graciously permitted by this Court, pursuant to Federal Rule 15(a)(2). *Id*.

## II. BRIEF FACTUAL SUMMARY

Lukasak filed the instant action in June 2019. (See **ECF No. 36**). The matter was transferred to the United States District Court for the District of Main on April 2, 2020. (See **ECF No. 13**). From there, PSE and Legacy filed a Suggestion of Bankruptcy under Chapter 7 of the United States Bankruptcy Code. (See **ECF No. 31**). As a result, on July 7, 2020, this Court issued an Order to stay the claims brought against PSE and Legacy pursuant to 11 U.S.C. § 362(a), but allowed the case to proceed against Griffin individually on Counts V and VI. (See **ECF No. 36**.)

Following the stay of claims against PSE and Legacy, Griffin filed a Motion for Stay of Civil Action, alleging intertwinement. (See **ECF No. 42**). Plaintiff did not oppose Griffin's request. (See **ECF No. 43**). Accordingly, on September 15, 2020, this Court administratively stayed the action against Griffin individually until February 1, 2021. (See **ECF No. 42**).

At approximately the same time, the EEOC concluded its investigation and issued Plaintiff a "Right to Sue" Notice. (**Ex. 1**, Dismissal and Notice of Rights). As stated in the Notice, "[Plaintiff's] lawsuit must be filed within 90 days of [Plaintiff's] receipt of this notice; or [Plaintiff's] right to sue based on this charge will be lost." *Id*. Although a stay is in place against all Defendants, Plaintiff is in an untenable position where he is obligated to file his SAC to ensure he does not lose its right to bring a Title VII gender discrimination claim. Accordingly, Plaintiff respectfully moves this Court for leave to file a SAC to add a claim for Title VII gender discrimination against Griffin *only*. (**Ex. 2**, Proposed Second Amended Complaint). Plaintiff has no objection to extending the deadline to respond to the SAC to a date and time following the expiration of Griffin's stay on February 1, 2021.

5

### III.  LAW & ANALYSIS

#### A.  Leave to Amend Shall be Freely Given When Justice So Requires

Federal Rule 15(a)(2) provides that leave to amend shall be "*freely give[n]*… when justice so requires." Fed. R. Civ. P. 15(a)(2). The First Circuit has "often described this standard as reflecting the 'liberal' amendment policy underlying Rule 15." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004). However, Rule 15's liberal amendment policy is not without limits. A district court may deny leave to amend for several particularized reasons:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)).

#### B.  Plaintiff Should Be Given The Opportunity To Add A Claim Under Title VII Based Upon His Recent Receipt Of The EEOC's Right To Sue Notice

In early March 2020, Lukasak filed a charge of discrimination with the EEOC. As this Court knows, the charge-filing requirement is a prerequisite to filing suit under Title VII of the Civil Rights Act. However, on March 21, 2020, the EEOC "temporarily suspended" the issuance of "Right to Sue" notices amid the coronavirus pandemic.[1] As a result, Plaintiff did not receive his "Right to Sue" Notice until September 8, 2020. Plaintiff now seeks leave to file a SAC within ninety (90) days of his receipt of the Notice from the EEOC.

Mirroring Lukasak's gender discrimination claim under the ELCRA claim, Plaintiff's Title VII claim will sufficiently show that his gender was one of the reasons for his termination. Specifically, as Plaintiff's Complaint currently sets forth, multiple employees filed lawsuits and/or

---

[1] *EEOC Resumes Issuance of Charge Closure Documents*, EEOC (Aug. 3, 2020) https://www.eeoc.gov/newsroom/eeoc-resumes-issuance-charge-closure-documents

charges of discrimination, harassment, retaliation, and other unethical behavior against Defendant Griffin. ECF No. 3 at ¶¶2-4; 39-40. Thus, Griffin needed a "fall *guy*" to make an example of. *Id*. at ¶¶3, 9. This gave the appearance that Griffin took employee complaints seriously so as to better his position in the various litigations *and* avoid further scrutiny due to his own harassment. *Id*. at ¶¶ 5-6, 42-45. For this reason, Lukasak would not have been targeted by Griffin but for his gender. *Id*. at ¶9. Thus, a claim for gender discrimination under Title VII against Griffin *only* is now ripe for adjudication.

## IV.   CONCLUSION

Based upon the forgoing, Lukasak respectfully requests the opportunity to file a SAC to add a claim for gender discrimination under Title VII against Griffin only. (**Ex. 2**, Proposed Second Amended Complaint). Plaintiff has received his "Right to Sue" letter and is timely seeking an opportunity to file a SAC, not acting in bad faith or for delay. Further, this case is in its infancy and no discovery has been conducted. Griffin will not be unduly prejudiced by the addition of Plaintiff's Title VII discrimination claim, which is substantially similar to his ELCRA gender discrimination claim. Plaintiff has no objection to extending the deadline to respond to the SAC to a date and time following the expiration of Griffin's stay. Accordingly, Plaintiff requests that it be given an opportunity to file a SAC, pursuant to Federal Rule 15(a)(2).

Respectfully submitted,

Dated: December 2, 2020

/s/ Stacy O. Stitham
Stacy O. Stitham
BRANN & ISAACSON
184 Main Street, 4th Floor
Lewiston, ME 04243-3070
(207) 786-3566
sstitham@brannlaw.com
*Attorney for Jeff Lukasak*

Dated: December 2, 2020 /s/ John David Gardiner
John David Gardiner
Bodman PLC
99 Monroe Center NW, Suite 300
Grand Rapids, Michigan 49503
(616) 205-1864
jgardiner@bodmanlaw.com
*Attorney for Jeff Lukasak*
*Admitted Pro Hac Vice*

Bodman_17319448_2

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEFF LUKASAK<br><br>    Plaintiff,<br><br>v.<br><br>PREMIER SPORTS EVENTS LLC<br>LEGACY GLOBAL SPORTS LP &<br>STEPHEN GRIFFIN<br><br>    Defendants. | No. 2:20-CV-00124-NT |

**CERTIFICATE OF SERVICE**

  I hereby certify that, pursuant to Federal Rule of Civil Procedure 5 and District Court Local Rule 5(c), I have served on this day the above Renewed Motion For Leave To File Second Amended Complaint and this Certificate of Service upon each of the parties listed on the Notice of Electronic Filing via the Court's Administrative Procedures Governing the Filing and Service by Electronic Means.

                          Respectfully submitted,

Dated: December 2, 2020           /s/ John David Gardiner
                           John David Gardiner
                           Bodman PLC
                           99 Monroe Center NW, Suite 300
                           Grand Rapids, Michigan 49503
                           (616) 205-1864
                           jgardiner@bodmanlaw.com
                           *Attorney for Jeff Lukasak*
                           *Admitted Pro Hac Vice*