**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| JEFF LUKASAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:20-cv-00124-NT |
| v. | ) | |
| | ) | |
| PREMIER SPORTS EVENTS, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT STEPHEN GRIFFIN'S SECOND ASSENTED-TO**
**MOTION FOR FURTHER STAY OF CIVIL ACTION**

NOW COMES Defendant Stephen Griffin ("Griffin"), with the assent of Plaintiff, Jeff Lukasak ("Plaintiff"), pursuant to Federal Rules of Civil Procedures 1 and 7 and this Court's inherent authority to manage its own docket, and hereby requests that the Court further temporarily stay this action against him until March 31, 2022, a period of approximately six months.

After consultation with counsel for Plaintiff, in view of Defendant Stephen Griffin's Assented-to Status Report (as of September 13, 2021) of Jointly-Administered Chapter 7 Cases, dated September 16, 2021 (the "Status Report"), filed together herewith concerning the current status of the jointly-administered bankruptcy cases of *Legacy Global Sports, LP*, Ch. 7, Case No. 20-11157-JEB presently pending in the United States Bankruptcy Court for the District of Massachusetts concerning Codefendants Premier Sports Events, LLC and Legacy Global Sports, LP, and because the underlying considerations for the prior requests for stay (for which Plaintiff has also consented) continue to endure, the parties propose and request that this proceeding be administratively stayed through March 31, 2022.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

> A court's power to stay proceedings is a well established accouterment of its broad discretion to manage and dispose of cases on its docket. A properly granted stay operates as an invaluable tool to conserve party and judicial resources, and to avoid inconsistent procedural and legal rulings. In granting a stay, however, the Court must also be mindful of the hardship and inequity to the moving party if the action is not stayed, and of the potential prejudice to the non-movant.

*Ramos-Martir v. Astra Merck, Inc.*, No. CIV. 05-2038(PG), 2005 WL 3088372, at *1 (D.P.R. Nov. 17, 2005) (citation omitted). *See also Dennis v. Liberty*, No. CV-09-373-B-W, 2010 WL 1609932, at *3 (D. Me. Apr. 20, 2010); *Hofland v. LaHay,* No. CV–09–172–B–W, 2010 WL 231737, slip op. at * 1 (D. Me. Jan. 14, 2010) (granting a motion to stay for six months since the civil matter was closely related to a criminal case pending in state court)."); *cf.* Federal Rule of Civil Procedure 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding.").

For the reasons set forth more fully in the Status Report, the parties respectfully submit that a further administrative stay of these proceedings is appropriate while the Chapter 7 Trustee in the Lead Case (as defined therein) continues to administer the bankruptcy estates, particularly with respect to the claims-allowance process and the potential recovery of avoidance claims. Depending on how that process resolves, that may have the most immediate potential impact on these proceedings, and therefore there continues to be well-founded reasons for staying these proceedings for the additional period of time requested.

The parties, however, are nevertheless mindful that these proceedings cannot remain administratively stayed indefinitely. Should the Court grant this additional request to stay these proceedings, and the bankruptcy cases do not advance as expected or in a way that has a material

impact on this civil action, then the parties shall be prepared to proceed with this action in the ordinary course upon the expiration of any further approved administrative stay.

WHEREFORE, Defendant Stephen Griffin, with the assent of Plaintiff, Jeff Lukasak, respectfully requests that the Court again administratively stay this action against him until March 31, 2022, and for such other relief as may be just and equitable under the circumstances.

Dated at Portland, Maine this 16th day of September, 2021.

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Defendant,
Stephen Griffin

CRESWELLLAW
183 Middle Street, Suite 100
Portland, ME  04101
207.358.1010
rcreswell@creswelllaw.com

Philip Rakhunov, Esq.
(Certification filed (ECF No. 23))
Ashly Scheufele, Esq.
(Certification filed (ECF No. 24))
Counsel for Defendant,
Stephen Griffin

Pollack Solomon Duffy LLP
101 Huntington Avenue, Suite 530
Boston, MA  02199
(617) 439-9800
prakhunov@psdfirm.com
ascheufele@psdfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Federal Rule of Civil Procedure 5 and District Court Local Rule 5(c), I have served on this day the above Motion for Stay and this Certificate of Service upon each of the parties listed on the Notice of Electronic Filing via the Court's Administrative Procedures Governing the Filing and Service by Electronic Means.

Dated at Portland, Maine this 16th day of September, 2021.

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Defendant,
Stephen Griffin

CRESWELLLAW
183 Middle Street, Suite 100
Portland, ME  04101
207.358.1010
rcreswell@creswelllaw.com

-4-